UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-00356 (EGS) |
| v. : | |
| : | |
| KEVIN SAM BLAKELY, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S REPLY SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply sentencing memorandum.

Contrary to statements in Kevin Sam Blakely's April 14, 2022 sentencing memorandum, there is reason for this Court to impose the recommended sentence of 120 days' incarceration, three years' probation, 60 hours of community service, $500 restitution, and the mandatory $10 special assessment in this case.

In his memorandum, Blakely attributes his actions on January 6 to "bad judgement and ignorance." The memorandum also states that since January 6, "Kevin – through his conduct and actions – has changed his life" and "will never put himself in this position again." ECF No. 30 at 1-2. He requests a sentence no greater than a term of home confinement. Given the evidence in this case, the government simply cannot disagree more to this as a sentence.

The government has furnished the Court with numerous images and a total of 20 videos for its consideration. Of these videos, 10 were recorded by Blakely while he was both inside and outside the Capitol on January 6. The remaining 10 videos were obtained from surveillance cameras located in the Capitol, a police officer's body worn camera, and Tru News, a publicly available source. All of the videos demonstrate the intentions of this defendant on January 6 to engage in disorderly conduct while inside the Capitol and to mock police officers both inside and

1

outside the Capitol. His actions far exceeded that of a peaceful protest or demonstration of First Amendment rights.

Blakely recorded videos in which he stated, "America's taking their shit back" and "[w]e comin back and take Congress another day and all these motherfuckers." He encouraged others who did not show up on January 6 to do so in the future. Both surveillance videos and officer body worn camera footage showed Blakely resisting police officers and being part of a group of rioters that engaged in physical contact with police officers. Video Exhibit 15, the officer's body worn camera, shows Blakely at the front of the crowd that engaged in the physical altercation with an officer and is particularly disturbing. Furthermore, police officers pushed Blakely to force him out of the Capitol. Blakely took advantage of an opportunity when officers did not have him under their control and he recorded a video in which he stated, After police officers tried to force him out of the Capitol, he stated, "I'm still here, ha ha ha." *See* Video Exhibit 8.

Blakely suggests that the facts and circumstances argued by the government are "way outside the misdemeanor Kevin pled guilty to." This very well may be the case. Perhaps, Blakely received a benefit by being charged early in the government's overall investigation of the rioters who attacked the Capitol on January 6 and, because of timing and early acceptance of responsibility, he was offered a plea to an extremely lenient charge. However, when considering the factors under 18 U.S.C. § 3553(a), particularly § 3553(a)(1), the circumstances of the offense and the videos that the government has provided to the Court demonstrate that the defendant's demonstration inside the Capitol on January 6 was egregious and warrants the period of incarceration proposed by the government.

Finally, the government has also recommended a split sentence that includes three years' probation because Blakely voiced a desire to return to the Capitol "to take Congress another day."

2

*See* Video Exhibits 4 and 6. If Blakely does not understand the line between peacefully protesting and storming the Capitol, there is a greater risk that he will offend again in 2024 when the next Presidential election is scheduled to take place. Serving a period of probation that will encompass 2024 will serve the purpose of specific deterrence.

    For the foregoing reasons, and for the reasons stated in the government's sentencing memorandum, the government respectfully requests that the Court impose the recommended sentence, which includes 120 days' incarceration and three years' probation.

                          Respectfully submitted,

                          MATTHEW M. GRAVES
                          UNITED STATES ATTORNEY

By:    */s/ ANITA EVE*
        ANITA EVE
        PA Bar No. 45519
        Assistant United States Attorney (Detailee)
        U.S. Attorney's Office
        555 4th Street, N.W., Room 5840
        Washington, D.C.  20530
        Anita.eve@usdoj.gov
        (215) 764-2177